# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SALVADOR BAUTISTA-MANZO, | ) | CASE NO. 1: 05-cv-00510 OWW TAG HC |
| Petitioner, | ) ) | ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE |
| v. | ) ) | TRANSFERRED TO THE COURT OF APPEALS FOR THE NINTH CIRCUIT |
| UNITED STATES OF AMERICA, | ) ) | PURSUANT TO THE REAL I.D. ACT OF 2005 |
| Respondent. | ) ) | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner has paid the filing fee.

BACKGROUND

On April 18, 2005, Petitioner filed the instant petition for writ of habeas corpus (the "Petition"). (Doc. 1). In the Petition, Petitioner indicates that he is presently confined for a conviction for a violation of 8 U.S.C. § 1326 (deported alien found in the U.S., second offense). (Doc. 1, p. 6). Petitioner pleaded guilty to this charge and was sentenced to a prison term of 77 months. (Id.). In the Petition, Petitioner alleges that the original removal proceedings in February 1989 and May 9, 1995, violated his Fifth Amendment Due Process rights because he was never informed of his rights granted him under the Immigration and Nationality Act, sect 212(c), to appeal for a waiver of deportation with the Attorney General. (Doc. 1, p. 6). Petitioner also alleges that the immigration judge failed to advise him of various other critical matters, including his right to appeal to a higher court. (Id. at p. 7). Although Petitioner

purports to challenge his underlying federal conviction, he acknowledges in the Petition that the gravamen of his Petition is a collateral attack on the aforementioned removal proceedings. (<u>Id</u>. at p. 9).

## DISCUSSION

On May 11, 2005, Public Law 109-13 was enacted. Section 106 of that law (the Real ID Act of 2005, hereinafter "RIDA"), is entitled "Judicial Review of Orders of Removal." Section 106 amends 28 U.S.C. § 1252, providing in pertinent part as follows:

> Notwithstanding any other provisions of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision...<u>a petition for review filed in an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered</u> or issued under any provision of this Act, except as provided in subsection (e)...."

(Emphasis supplied.)

The plain language of Section 106 thus divests the district court of jurisdiction in habeas corpus cases involving challenges to a final order of removal, deportation, or exclusion, and places exclusive jurisdiction for judicial review of such orders in the federal appeals court for the district in which the removal order was issued. In this case, Petitioner alleges a series of errors in the proceedings culminating in the order of removal used as a predicate for Petitioner's conviction. Hence, it appears to the Court that the Petition contains claims challenging a "final order or removal, deportation, or exclusion," which would, pursuant to RIDA, deprive this Court of jurisdiction to proceed. Should that be the case, the Court would recommend to the District Judge that the case be transferred to the venue specified in Section 106, i.e., the United States Court of Appeals for the Ninth Circuit, the federal appeals court for the district in which Petitioner's final order of removal was issued.

According to a Special Notice dated October 3, 2005, from the Ninth Circuit Court of Appeals, regarding the protocol for district courts who are dealing with habeas corpus cases that may fall within the ambit of RIDA, the Ninth Circuit suggests that initially the district court "allow the parties to stipulate to, or brief the propriety of, transfer." Therefore, the Court will request that, within thirty (30) days of the date of service of this order to show cause, the parties either (1) stipulate to a transfer of jurisdiction to the Court of Appeals for the Ninth Circuit, or, in

lieu of such a stipulation, (2) that the parties submit briefs regarding their respective legal positions as to such a transfer.

ORDER TO SHOW CAUSE

Accordingly, the Court HEREBY ORDERS:

1. The parties are GRANTED THIRTY (30) days from the date of service of this Order, to SHOW CAUSE why the Petition should not be transferred to the United States Court of Appeal for the Ninth Circuit.  The parties may show cause either through the submission of a stipulation for transfer to the Ninth Circuit, or by submission of a document detailing that party's legal position vis-a-vis such a proposed transfer.

Petitioner is forewarned that his failure to comply with this order will result in a Recommendation that the Petition be dismissed pursuant to Local Rule 11-110.

IT IS SO ORDERED.

Dated:   December 12, 2005            /s/ Theresa A. Goldner
j6eb3d                                UNITED STATES MAGISTRATE JUDGE