1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

11
12
13
14
15
16
17

| | |
|---|---|
| SALVADOR BAUTISTA-MANZO, | ) 1:05-cv-00510-OWW-TAG HC |
| Petitioner, | ) FINDINGS AND RECOMMENDATIONS TO |
| v. | ) TRANSFER PETITION FOR WRIT OF<br>) HABEAS CORPUS TO THE COURT OF<br>) APPEALS FOR THE NINTH CIRCUIT<br>) PURSUANT TO THE REAL I.D. ACT OF 2005 |
| UNITED STATES OF AMERICA, | ) ORDER THAT OBJECTIONS BE FILED |
| Respondent. | ) WITHIN FIFTEEN DAYS |

18   Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus

19  pursuant to 28 U.S.C. § 2241.  Petitioner has paid the filing fee.

20   <u>BACKGROUND</u>

21   On April 18, 2005, petitioner filed the instant petition for writ of habeas corpus.  (Doc. 1).

22  In the petition, petitioner indicates that he is presently confined for a conviction for a violation of

23  8 U.S.C. § 1326 (deported alien found in the U.S., second offense).  (Doc. 1, p. 6).  Petitioner

24  pleaded guilty to this charge and was sentenced to a prison term of seventy-seven months.  (<u>Id.</u>).

25  In the petition, petitioner alleges that the original removal proceedings in February 1989 and May

26  9, 1995, violated his Fifth Amendment Due Process rights because he was never informed of his

27  rights granted him under the Immigration and Nationality Act, § 212(c), to appeal for a waiver of

28  deportation with the Attorney General.  (Doc. 1, p. 6).  Petitioner also alleges that the

1

1    immigration judge failed to advise him of various other critical matters, including his right to

2    appeal to a higher court.  (Id. at p. 7).   Although petitioner purports to challenge his underlying

3    federal conviction, he acknowledges in his petition that the petition is essentially a collateral

4    attack on the aforementioned removal proceedings.  (Id. at p. 9).

5            On December 12, 2005, the Court issued an Order to Show Cause why the instant matter

6    should not be transferred to the United States Court of Appeals for the Ninth Circuit, pursuant to

7    provisions of the Real ID Act of 2005 ("RIDA"), enacted on May 11, 2005.  (Doc. 5).  None of

8    the parties responded to the Order to Show Cause and, through an administrative error, the Court

9    did not discover that fact at the time.

10                                            DISCUSSION

11           On May 11, 2005, Public Law 109-13 was enacted.  Section 106 of that law (the Real ID

12   Act of 2005, hereinafter "RIDA"), is entitled "Judicial Review of Orders of Removal."  Section

13   106 amends 28 U.S.C. § 1252, providing in pertinent part as follows:

14           Notwithstanding any other provisions of law (statutory or nonstatutory), including section
             2241 of title 28, United States Code, or any other habeas corpus provision...a petition for
15           review filed in an appropriate court of appeals in accordance with this section shall be the
             sole and exclusive means for judicial review of an order of removal entered or issued
16           under any provision of this Act, except as provided in subsection (e)...."

17   (Emphasis supplied.)

18           The plain language of Section 106 thus divests the district court of jurisdiction in habeas

19   corpus cases involving challenges to a final order of removal, deportation, or exclusion, and

20   places exclusive jurisdiction for judicial review of such orders in the federal appeals court for the

21   district in which the removal order was issued.

22           In this case, petitioner alleges a series of errors in the proceedings culminating in the

23   order of removal used as a predicate for petitioner's conviction.  Hence, it appears to the Court

24   that the petition necessarily contains claims challenging a "final order or removal, deportation, or

25   exclusion," which would, pursuant to RIDA, deprive this Court of jurisdiction to proceed.

26   Having given the parties ample opportunity to provide the Court with their respective positions

27   on this issue, it now appears to the Court that the case should be transferred to the venue

28   specified in Section 106, i.e., the United States Court of Appeals for the Ninth Circuit, the federal

1  appeals court for the district in which petitioner's final order of removal was issued.

2        According to a Special Notice dated October 3, 2005 regarding the protocol for district

3  courts that are dealing with habeas corpus cases that may fall within the ambit of RIDA, the U.S.

4  Court of Appeals for the Ninth Circuit suggests that initially the district court "allow the parties

5  to stipulate to, or brief the propriety of, transfer."   The Court took the Ninth Circuit's Special

6  Notice into account in its Order to Show Cause, permitting either side to respond within thirty

7  days of the date of service of the order.  However, no responses were ever filed.  Accordingly, it

8  appears that the parties have no objection to the transfer of this case to the Ninth Circuit pursuant

9  to the procedures set forth in the October 3, 2005 Special Notice.

10  <u>RECOMMENDATIONS</u>

11        Accordingly, the Court HEREBY RECOMMENDS that the matter be transferred to the

12  United States Court of Appeals for the Ninth Circuit.:

13        These Findings and Recommendations are submitted to the United States District Judge

14  assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of

15  the Local Rules of Practice for the United States District Court, Eastern District of California.

16  Within fifteen (15) days after being served with a copy, any party may file written objections

17  with the court and serve a copy on all parties.  Such a document should be captioned "Objections

18  to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served

19  and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the

20  objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C.

21  § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time

22  may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th

23  Cir. 1991).

24

25  IT IS SO ORDERED.

26  Dated:  __December 7, 2007__                         __/s/ Theresa A. Goldner__

27                                      UNITED STATES MAGISTRATE JUDGE

28